# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| C.B., a minor, by Cherrelle Cartwright, her Mother | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No: ) |
| SHAMIN HOTELS, INC., | ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

COMES NOW the Plaintiff, C.B., a minor, by Cherrelle Cartwright, her mother, ("C.B." or "Plaintiff"), by counsel, and as and for her Complaint against the Defendant Shamin Hotels, Inc. ("Shamin" or "Defendant") states as follows:

### Parties

1. Plaintiff is minor female, and a resident of the Commonwealth of Virginia and has resided in the City of Virginia Beach, Virginia at all relevant times.

2. Defendant Shamin owns and operates over 70 hotels across 5 states, including the Commonwealth of Virginia.

### Jurisdiction and Venue

3. This Court has federal question jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, as this civil action arises under the laws of the United States, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendant conducts business within this judicial district and division and the events complained of herein took place within this judicial district and division.

## Exhaustion of Administrative Remedies

5.  Prior to instituting this civil action, Plaintiff timely filed an administrative claim with the Norfolk office of the Equal Employment Opportunity Commission ("EEOC").

6.  On or about February 8, 2024, the EEOC mailed a "right to sue" letter to Plaintiff after failing to resolve the Plaintiff's administrative claim, with Plaintiff receiving it in the ensuing days. *See* Exhibit A.  Plaintiff has filed the instant civil action within ninety (90) days of her receipt of notice authorizing her to file this civil action.

## Facts and Background

7.  On or about March 29, 2023, Plaintiff began employment with Shamin working as a hostess at its Hilton Garden Inn's (the "Hotel") restaurant Lager Heads (the "Restaurant") located at 5515 Atlantic Avenue, Virginia Beach, Virginia.  At the time, Plaintiff had just turned fifteen (15) years old.

8.  Almost immediately, a hotel employee stationed at the front desk (within a few steps from where C.B. was stationed as the Restaurant Hostess), Quincy Lee ("Lee"), took a liking to C.B..

9.  Upon information and belief, Lee was twenty seven (27) years old.

10. Lee introduced himself to C.B. at the Front Desk Manager and bragged to her about his power and authority at the hotel.  On or about the first evening C.B. worked at the Restaurant, Lee led C.B. away from her work station into a break room.  Lee then offered to "rub" C.B.'s feet.

11. Throughout the next few weeks, Lee would frequently make flirtatious and sexual comments to Plaintiff about her appearance and body and would make physical contact with her by placing his hand on her body, including her chest, stomach and buttocks.  Lee purposefully groomed C.B., gaining her trust and telling her to:  (a) put his name in her cell phone under a girl's name to prevent her parents from getting suspicious; (b) erase their cell phone messages and communications immediately after seeing them; and (c) follow his lead as he took her to different areas of the hotel to engage in sexual acts.

12. Lee repeatedly told C.B. he was looking out for her and if she told anyone he would get in trouble.

13. On several occasions, Lee coaxed C.B. into engaging in sexual acts in different areas of the hotel.  On one occasion, Lee took C.B. to a hotel room and had sex with her.

14. C.B.'s coworkers and the Restaurant managers all joked and/or asked Bryan t about her "relationship" with Lee.

15. In or about the first week of April 2023, Defendant moved Lee to manage of a different hotel just a few blocks from Plaintiff's placed of employment.

16. On or about April 12, 2023, Plaintiff informed the Hilton Garden Inn's manager that Lee had been sexually assaulting her while at work.  Due to the trauma of events, Plaintiff voluntarily gave up her employment with Defendant.

### Count I—*Quid Pro Quo* /  Hostile Work Environment Sexual Harassment
### Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*

17. Plaintiff incorporates by reference the allegations of Paragraphs One through Twenty-Seven as if set out in full herein.

18. Defendant has discriminated against Plaintiff by creating and maintaining a hostile work environment where an ongoing, severe or pervasive pattern of sexual harassment persisted in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*

19. Defendant's Front Desk Manager, Lee, subjected Plaintiff to *quid pro quo* sexual harassment within said hostile work environment.

20. Lee used his age and authority throughout Plaintiff's employment to make unwanted comments to her regarding her appearance and body and in inappropriately touching Plaintiff's underage body.

21. Lee further used his age and authority to make Plaintiff's assent and submission to his sexual advances a condition of her maintaining her employment with Defendant.

22. Defendant's *quid pro quo* sexual harassment of Plaintiff altered the conditions of her employment.

23. Defendant's conduct has been intentional, deliberate, willful, wanton, malicious, reckless, and in conscious disregard of Plaintiff's rights.

24. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered monetary and non-monetary damages including loss of back pay, loss of front pay, emotional distress, reputational harm, embarrassment, humiliation and loss of enjoyment of life.

**Count II—Gender Discrimination in Violation of Title VII, 42 U.S.C. § 2000e,** *et seq.*

25. Plaintiff incorporates by reference the allegations of Paragraphs One through Twenty-Seven as if set out in full herein.

26. Defendant discriminated against Plaintiff by subjecting her to disparate treatment as well as terms and conditions of her employment due to her gender, female.

27. Defendant's conduct has been intentional, deliberate, willful, wanton, malicious, reckless, and in conscious disregard of Plaintiff's rights.

28. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered monetary and non-monetary damages including loss of back pay, loss of front pay, emotional distress, reputational harm, embarrassment, humiliation and loss of enjoyment of life.

### Count III -- Assault and Battery

29. Plaintiff incorporates by reference the allegations of Paragraphs One through twenty-eight as if set out in full herein.

30. Acting as Front Desk Manager with supervisory authority over Plaintiff, Lee assaulted and battered C.B. Under the doctrines of vicarious liability and *respondeat superior*, and acting on behalf of Defendant Lee committed multiple counts (i.e., each individual unlawful touch) of assault and battery upon C.B. by attacking her body without just cause.

31. Lee's acts were done during the scope of his representation as a purported supervisor and/or manager and a representative reporting directly to Defendant.

32. Lee made C.B. incur reasonable apprehension of imminent injury or offensive contact, prior to actually battering her physically with his hands.

33. Defendant, through its members of management, including Lee, had actual or constructive knowledge of the assault and battery upon C.B.

34. As a proximate result of Defendants' conduct Plaintiff has suffered damages

35. Plaintiff is entitled to damages for her emotional suffering that resulted from the conduct of Defendants' conduct in an amount to be determined at trial.

WHEREFORE, the Plaintiff, C.B., a minor, by Cherrelle Cartwright, her mother, and by counsel, prays that this honorable Court grant her relief as against the Defendant, Shamin Hotels, Inc. including but not limited to:

a. past lost wages and benefits;

b. future lost wages and benefits;

c. compensatory damages;

d. punitive damages;

e. pre- and post-judgment interest;

f. attorney's fees and litigation costs; and

g. such other relief as deemed just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated:      May 8, 2024

Respectfully Submitted:

  /s/ Todd M. Gaynor_____

Todd M. Gaynor (VSB No. 47742)
GAYNOR LAW CENTER, P. C.
440 Monticello Ave., Suite 1800
Norfolk, Virginia 23510
(757) 828-3739
(757) 257-3674 facsimile
tgaynor@gaynorlawcenter.com

*Attorney for Plaintiff*