# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTER DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| **C.B., a minor, by Cherrelle Cartwright,** <br> **Her Mother** <br>   **Plaintiff,** <br> v. <br> **SHAMIN HOTELS, INC.** <br>   **Defendant.** | **CIVIL ACTION NO: 2:24cv00290** |

## ORDER APPROVING INFANT SETTLEMENT

This matter comes before the Court on the Joint Motion for Approval of Handling of Minor Settlement Funds filed by Plaintiff C.B., a minor, by her mother Cherrelle Cartwright, and Defendant Shamin Hotels, Inc. ("Shamin"). The Court has reviewed the motion, the declaration of Cherrelle Cartwright, and the applicable law, including Virginia Code §§ 8.01-424 and 8.01-606. Having considered the pleadings, evidence, and arguments, the Court finds as follows:

### FINDINGS OF FACT

1. **Case Background**: This action arises from claims by C.B., a minor, against Shamin Hotels, Inc., under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.) and Virginia common law for sexual harassment, gender discrimination, and assault and battery during her employment from March 29, 2023, to April 12, 2023, at the Hilton Garden Inn in Virginia Beach, Virginia. The parties executed a Settlement Agreement on or about June 10, 2025, providing for a gross settlement of $83,000, subject to Court approval under Virginia Code § 8.01-424.

2. **Fairness and Best Interests**: The Court finds the $83,000 gross settlement fair, equitable, and in the best interests of C.B., based on:

a. Ms. Cartwright's declaration (Exhibit A) affirming the settlement's fairness and her belief that it serves C.B.'s best interests, as well as the evidence and oral argument of counsel during the hearing before the Court on August 25, 2025.
   b. The avoidance of litigation's emotional toll and risks, including Shamin's defenses (e.g., denials of liability, no duty or breach, dispositive defenses, and challenges to damages), which posed significant barriers to recovery.

3. **Attorney's Fees and Costs**: The Court approves attorney's fees of $29,050 (35% contingency fee) and $400 in filing costs, totaling $29,450, as reasonable under Virginia Code § 8.01-424(E). This determination is based on counsel's billing records, fee agreement, and analysis under the *Abrams* factors (case complexity, hours expended, risk of non-recovery, and favorable outcome), submitted for in camera review to maintain confidentiality.

4. **No Guardian Ad Litem Required:** Pursuant to Virginia Code § 8.01-9, the Court has determined that Cherrelle Cartwright, as C.B.'s mother and next friend, adequately represents C.B.'s interests without conflict, and that the appointment of a guardian ad litem is not necessary, as the portion allocated to C.B. will be safeguarded by this Court until she reaches the age of majority on January 18, 2026.

5. **Handling of Settlement Funds:** The portion of the settlement allocated to C.B., after deduction of attorneys' fees and costs, exceeds $50,000. The Court finds that depositing this sum into the Court, to be held until C.B. reaches the age of majority on January 18, 2026, pursuant to Virginia Code § 8.01-424(D)(1), is in the best interests of C.B. and appropriately safeguards the funds. The parties have confirmed that no liens, including Medicare or Medicaid, apply to the settlement funds, as stated in Ms. Cartwright's declaration.

6. **Total Costs**: The Court approves the following costs, deducted from the $83,000 settlement proceeds, per Virginia Code § 8.01-424(E):

   a. Attorney's fees and costs: $29,450 (35% contingency fee plus $400 filing costs).\
   b. No fiduciary fees, bond premiums, or Commissioner of Accounts fees, as no fiduciary or formal trust is appointed under § 8.01-606(B).
   c. Total costs: $29,450, resulting in a net settlement of $53,550.

**IT IS THEREFORE ORDERED that:**

A. The Joint Motion for Approval of Handling of Minor Settlement Funds is GRANTED.

B. Attorneys' fees in the amount of $29,050 and costs in the amount of $400 to Todd M. Gaynor, Esquire, of Gaynor Law Center, P.C., as previously approved, shall be paid from the settlement sum of $83,000.

C. The portion of the settlement allocated to C.B., after deduction of attorneys' fees and costs, shall be deposited into the Court, to be held until C.B. reaches the age of majority on January 18, 2026, pursuant to Virginia Code § 8.01-424(D)(1).

D. The Clerk of the Court is directed to manage and invest the deposited funds in an interest-bearing account, in accordance with applicable law, for the benefit of C.B., with distribution to C.B. upon her reaching the age of majority on January 18, 2026.

E. This action is **DISMISSED WITH PREJUDICE**

**IT IS SO ORDERED**.

Date: September 2, 2025

Signed: _____

United States District Judge